IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MIGUEL GUZMAN | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2426-B-BD |
| | § | |
| THE CITY OF DALLAS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants City of Dallas ("the City") and its former police chief, David Kunkle ("Kunkle"), have filed a Rule 12(b)(6) motion to dismiss this civil rights action brought by Plaintiff Miguel Guzman. In his second amended complaint, plaintiff alleges that three Dallas police officers forcibly removed him from a relative's house, pulled him to the ground, and struck him repeatedly about the body, head, neck, and face with their fists and a flashlight. (*See* Plf. Sec. Am. Compl. at 3-4, ¶¶ 9-20). As a result of this beating, plaintiff alleges that he sustained a serious eye injury that ultimately led to the removal of his right eye. (*See id.* at 4-5, ¶¶ 24-31). Although plaintiff was charged with the felony offense of assaulting a police officer, that charge was dismissed when the officers failed to appear for trial. (*See id.* at 6, ¶ 35). Plaintiff now sues the police officers -- Stephen Cazelle, Andrew Pagel, and Donald Waterson -- for use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, (*see id.* at 8, ¶¶ 40-45), and for negligence, assault, battery, and false arrest under Texas law. (*See id.* at 9, ¶¶ 49-50). His complaint also asserts a claim against the City and Kunkle based on certain municipal policies that allegedly

gave rise to the underlying constitutional violations. (*See id.* at 5-8, ¶¶ 32-39). The case is before the court on a Rule 12(b)(6) motion to dismiss filed by the City and Kunkle. Plaintiff was ordered to file a response to the motion by August 13, 2010, but failed to do so.[1] The court therefore considers the motion without a response.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

---

[1] Plaintiff was originally represented by two attorneys, Cornelius D. Kasey and Richard Carrizales, both of whom were granted leave to withdraw after the City and Kunkle filed their Rule 12(b)(6) motion. Because plaintiff is incarcerated and no longer represented by counsel, the court gave him an additional 30 days to file a response. Despite this extension, plaintiff still has not responded to the motion.

Plaintiff's claims against the City and Kunkle, who is sued in both his official and individual capacities,[2] are predicated on a theory of municipal liability. To establish municipal liability under 42 U.S.C. § 1983, plaintiff must adequately plead three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Hampton Co. National Surety, LLC v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008), *citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001). An official policy may be either a written policy or a "persistent widespread practice . . . which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Where, as here, the challenged conduct relates to an informal policy or a custom of behavior among municipal police officers, the plaintiff must plead sufficient facts which, if proved, show "a pattern of similar incidents in which citizens were injured and endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force." *Muhammad v. Newell*, No. 3-08-CV-1426-BD, 2009 WL 559931 at *1 (N.D. Tex. Mar. 4, 2009), *appeal dism'd*, No. 10-10303 (5th Cir. Aug. 5, 2010), *quoting Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992). The critical inquiry is whether the governing body or official policymaker had constructive or actual knowledge of the persistent and widespread violations of constitutional rights. *Id.*; *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 3476 (1985).

---

[2] Kunkle correctly notes that the claims against him in his official capacity are redundant of those brought against the City. *See Beall Legacy Partners, L.P. v. City of Waxahachie*, No. 3-05-CV-1942-D, 2006 WL 353471 at *2 (N.D. Tex. Feb. 16, 2006), *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

In his most recent complaint, plaintiff alleges, *inter alia*:

- The City has a policy and custom to side with police officers who are accused of using excessive force and unreasonable force to effect an arrest. According to plaintiff, the Internal Affairs Division ("IAD") of the Dallas Police Department, which is under the supervision of the City, finds police officers to be without fault approximately 98% of the time they are investigated for using excessive force. As a result, "[t]his policy and custom creates within the Dallas Police Department a tacit permission on the part of [the City] to engage in conduct which leads [ ] arrested persons to suffer unnecessary injuries at the hands of the arresting officers." (*See* Plf. Sec. Am. Compl. at 5-6, ¶ 32).

- The City has a policy and custom of encouraging police officers accused of using excessive force not to appear at the trial of the person who makes the accusation. Plaintiff alleges that this policy prevents officers from testifying under oath regarding unconstitutional conduct that may form the basis of a civil rights action. (*See id.* at 6, ¶ 34).

- The Dallas Police Department had a policy and custom in place "that inadequately [ ] trained, disciplined, and/or supervised its officers in the use of force and/or deadly force in responding to disturbance situations in which no imminent threat of serious bodily harm was posed to them or others." (*See id.* at 7, ¶ 38).

- The City failed to enforce its official policy of requiring police officers to appear in court to testify against persons accused of committing a crime. (*See id.* at 11, ¶ 39).

None of these conclusory allegations are supported by facts showing a pattern of similar incidents in which citizens were injured and endangered by the use of excessive force. *See Wright v. City of Dallas*, No. 3-09-CV-1923-B, 2010 WL 3290995 at *3 (N.D. Tex. Jul. 19, 2010), *rec. adopted*, 2010 WL 3291816 (N.D. Tex. Aug. 19, 2010) (no municipal liability where plaintiff failed to plead facts that showed similar incidents of excessive force), *citing Davenport v. City of Garland*, No. 3-09-CV-0798-B, 2010 WL 1779620 at *2-3 (N.D. Tex. Apr. 9, 2010), *rec. adopted*, 2010 WL 1779619 (N.D.

Tex. Apr. 30, 2010) (same). Nor are any facts alleged which would enable the court to conclude that the City Council, the policymaking body of the City of Dallas, had actual or constructive knowledge of the policies and customs challenged by plaintiff in this suit. *See Winegarner v. City of Coppell*, No. 3-05-CV-1157-L, 2007 WL 1040877 at *6-7 (N.D. Tex. Apr. 5, 2007), *aff'd*, 275 Fed.Appx. 359, 2008 WL 1817825 (5th Cir. Apr. 23, 2008) (dismissing civil rights claim against city where plaintiff failed to identify specific policymaker responsible for promulgating or ratifying the unconstitutional policy); *Pivonka v. Collins*, No. 3-02-CV-0742-G, 2002 WL 1477455 at *4 (N.D Tex. Jul. 5, 2002) (same). The only facts alleged by plaintiff to support his municipal liability claim is that approximately 98% of all IAD investigations involving the use of excessive force are resolved in favor of police officers. (*See* Plf. Sec. Am. Compl. at 5, ¶ 32). Even if this is true, "it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation." *Milam v. City of San Antonio*, 113 Fed.Appx. 622, 628, 2004 WL 2469572 at *5 (5th Cir. Nov. 3, 2004) (emphasis in original).

Similarly, plaintiff has failed to allege sufficient facts to state a claim against Kunkle in his individual capacity. The only personal involvement by Kunkle was a single phone conversation with plaintiff's father in January 2008, during which Kunkle allegedly stated that "according to his officers, [plaintiff] was resisting arrest and that he was going to support the actions of his officers." (Plf. Sec. Am. Compl. at 7, ¶ 37). To the extent plaintiff seeks to hold Kunkle liable for implementing an unconstitutional policy of always siding with police officers in excessive force cases, thereby contributing to increased incidents of misconduct by his officers, his claim fails because the Chief of Police is not the final policymaker for the Dallas Police Department. *See Mosser v. Haney*, No. 3-03-CV-2260-B, 2005 WL 1421440 at *4 (N.D. Tex. Jun. 17, 2005), *citing*

*Curtis v. Arapaho Venture Ltd.*, No. 3-03-CV-2099-H, 2004 WL 2248236 at *3 (N.D. Tex. Oct. 5, 2004) (Dallas police chief is subject to rules and supervision of city manager). Nor do Kunkle's statements in support of his officers constitute ratification of unconstitutional conduct. *See Zarnow v. City of Wichita Falls*, ___ F.3d ___, 2010 WL 3093443 at *6 (5th Cir. Aug. 9, 2010), *citing Peterson v. City of Fort Worth*, 588 F.3d 838, 852 (5th Cir. 2009) ("Good faith statements made in defending complaints against municipal employees do not demonstrate ratification."). Dismissal is therefore proper under Rule 12(b)(6).

## **RECOMMENDATION**

Defendants' Rule 12(b)(6) motion to dismiss [Doc. #35] should be granted. Plaintiff's claims against the City of Dallas and its former police chief, David Kunkle, should be dismissed with prejudice.[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[3] Ordinarily, the court would give plaintiff an opportunity to replead in an attempt to cure the defects identified by the City and Kunkle in their Rule 12(b)(6) motion. However, plaintiff has already amended his complaint twice. His most recent pleading was filed after defendants filed a motion to dismiss. The court therefore determines that plaintiff has pled his best case and that further amendment will cause unnecessary delay. *See Tucker v. United States*, No. 3-08-CV-1589-L, 2009 WL 3047855 at *6 (N.D. Tex. Sept. 23, 2009), *citing Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 565 (5th Cir. 2003).

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 31, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE