IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL GUZMAN | § | |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-2426-B-BD |
| THE CITY OF DALLAS, ET AL. | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants Stephen Cazzelle, Andrew Pagel, and Donald Waterson have filed a motion to require plaintiff to file a Rule 7(a) reply and to modify the November 1, 2010 summary judgment deadline established by the court. For the reasons stated herein, the motion is granted.

In his second amended complaint, plaintiff alleges that three Dallas police officers -- Cazzelle, Pagel, and Waterson -- forcibly removed him from a relative's house, pulled him to the ground, and struck him repeatedly about the body, head, neck, and face with their fists and a flashlight. (*See* Plf. Sec. Am. Compl. at 3-4, ¶¶ 9-20). As a result of this beating, plaintiff alleges that he sustained a serious eye injury that ultimately led to the removal of his right eye. (*See id.* at 4-5, ¶¶ 24-31). Although plaintiff was charged with the felony offense of assaulting a police officer, that charge was dismissed when the officers failed to appear for trial. (*See id.* at 6, ¶ 35). Plaintiff now sues the police officers for use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, (*see id.* at 8, ¶¶ 40-45), and for negligence, assault, battery, and false arrest under Texas law. (*See id.* at 9, ¶¶ 49-50). All three defendants have filed answers asserting the affirmative defense of qualified immunity.

The Fifth Circuit has held that a district court may require a reply under Fed. R. Civ. P. 7(a) to overcome a qualified immunity defense. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). Here, plaintiff has not alleged sufficient facts to overcome the defense of qualified immunity, *i.e.* facts that, if proved, would show that Cazzelle, Pagel, and Waterson violated a clearly established statutory or constitutional right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In fact, other than the allegation that Pagel admitted he was the officer who struck plaintiff with a flashlight, (*see* Plf. Sec. Am. Compl. at 4, ¶ 21), the conduct of all three defendants are grouped together. The court therefore determines that a reply is warranted in this case. *See Reyes v. Sarzan*, 168 F.3d 158, 161 (5th Cir. 1999) ("trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses"); *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (Rule 7(a) reply is the "preferred procedure" prior to consideration of motion to dismiss on grounds of qualified immunity).

Accordingly, defendant's motion for a Rule 7(a) reply [Doc. #45] is granted. Plaintiff shall file a reply under Fed. R. Civ. P. 7(a) by **December 1, 2010.** This reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. Plaintiff must plead *specific facts* to show that the conduct of Defendants Cazzelle, Pagel, and Waterson violated a clearly established constitutional or statutory right of which a reasonable person would have known. Stated differently, plaintiff must explain why the conduct of *each defendant* was objectively unreasonable in light of the legal rules clearly established at the time of the incident in question. The failure to file a reply may result in the dismissal of all claims against these defendants. *See* FED. R. CIV. P. 41(b).

In view of this order, the deadline for defendants to file a motion for summary judgment is extended until **December 31, 2010,** or 30 days after plaintiff files a Rule 7(a) reply, whichever is earlier. The court declines the invitation to allow defendants to seek dismissal of plaintiff's claims in a Rule 12(c) motion for judgment on the pleadings. Rather, it is more efficient to require defendants to seek dismissal on the basis of their qualified immunity defense, and any other grounds that may exist, in a Rule 56 motion for summary judgment.

SO ORDERED.

DATED: September 14, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE