IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL GUZMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2426-B-BD |
| | § | |
| THE CITY OF DALLAS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Stephen Cazzelle, Andrew Pagel, and Donald Waterson have filed a motion to extend the deadline for filing a motion for summary judgment because plaintiff, who is proceeding *pro se*, has not filed a Rule 7(a) reply on the issue of qualified immunity as ordered by the court. Rather than extend this deadline, the case should be dismissed without prejudice.

I.

In his most recent complaint, plaintiff alleges that three Dallas police officers -- Cazzelle, Pagel, and Waterson -- forcibly removed him from a relative's house, pulled him to the ground, and struck him repeatedly about the body, head, neck, and face with their fists and a flashlight. (*See* Plf. Sec. Am. Compl. at 3-4, ¶¶ 9-20). As a result of this beating, plaintiff claims that he sustained a serious eye injury that ultimately led to the removal of his right eye. (*See id.* at 4-5, ¶¶ 24-31). Although plaintiff was charged with the felony offense of assaulting a police officer, that charge was dismissed when the officers failed to appear for trial. (*See id.* at 6, ¶ 35). Plaintiff now sues the police officers for use of excessive force in violation of the Fourth and Fourteenth Amendments to

the United States Constitution, (*see id.* at 8, ¶¶ 40-45), and for negligence, assault, battery, and false arrest under Texas law. (*See id.* at 9, ¶¶ 49-50).[1] All three defendants have filed answers asserting the affirmative defense of qualified immunity.

Prior to August 16, 2010, plaintiff was represented by counsel. As part of its order authorizing counsel to withdraw, the court instructed the clerk to correspond with plaintiff at the Hutchins State Jail -- the only address provided to the court. *See* Order, 8/16/10. The court also established a November 1, 2010 deadline for defendants to file a motion for summary judgment. *See* Order, 8/31/10. In response to that order, plaintiff wrote the court to advise that he was scheduled for release on October 8, 2010, and asked for more time to find an attorney to represent him. That same day, defendants filed a motion to require plaintiff to file a Rule 7(a) reply to their qualified immunity defense, and to modify the November 1, 2010 summary judgment deadline. In view of plaintiff's projected release date, the court ordered him to file a Rule 7(a) reply by December 1, 2010. *See* Order, 9/14/10 at 2. Plaintiff was warned that "[t]he failure to file a reply may result in the dismissal of all claims against [ ] defendants." *Id., citing* FED. R. CIV. P. 41(b). That order was mailed to, and presumably received by, plaintiff at the Hutchins State Jail while he was still incarcerated at that facility. *See* Doc. Entry, 9/15/10. When plaintiff did not timely file a Rule 7(a) reply, the court issued a second order giving him one last opportunity to do so by December 23, 2010. *See* Order, 12/3/10. Once again, plaintiff was warned that "[t]he failure to file a reply may result in the dismissal of all claims against [ ] defendants." *Id., citing* FED. R. CIV. P. 41(b). On December 15, 2010, an unopened envelope addressed to plaintiff and containing the December 3 order was returned to the clerk with the notations, "Returned to Sender. Moved. Left No

---

[1] Plaintiff also asserted claims against the City of Dallas and its former police chief, David Kunkle. The claims against those defendants were dismissed at the pleading stage. *Guzman v. City of Dallas*, No. 3-09-CV-2426-B-BD, 2010 WL 4514369 (N.D. Tex. Aug. 31, 2010), *rec. adopted*, 2010 WL 4514364 (N.D. Tex. Nov. 9, 2010).

Address[,]" and "Return to Sender. Attempted -- Not Known. Unable to Forward." *See* Doc. #54.²

The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent two orders to plaintiff requiring him to file a Rule 7(a) reply. Both orders were mailed to plaintiff at the Hutchins State Jail -- the only address provided to the court. The first order was presumably received by plaintiff while he was still incarcerated at that facility. An unopened envelope containing the second order was returned to the clerk. It appears that plaintiff, who was scheduled for release in October 2010, is no longer incarcerated. However, plaintiff has not provided the court or opposing counsel with his current address. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Because there is no

---

² An unopened envelope containing another document mailed to plaintiff at the Hutchins State Jail was returned to the clerk on December 2, 2010. *See* Doc. #52.

evidence of purposeful delay or contumacious conduct by plaintiff, a dismissal without prejudice is appropriate. *See Chieves v. Greyhound Bus Station*, No. 3-08-CV-2294-L, 2009 WL 464237 (N.D. Tex. Feb. 24, 2009) (dismissing complaint without prejudice for failure to provide court with current address); *Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (same). *Cf. Burr v. Hill*, No. 3-05-CV-1539-D, 2006 WL 3883900 (N.D. Tex. Dec. 14, 2006) (striking pleadings and dismissing case with prejudice where plaintiff was warned repeatedly throughout litigation of need to cooperate with his attorney and opposing counsel and to comply with court orders, but failed to answer written discovery, appear for a court-ordered deposition, and notify counsel of his current address).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). In view of the recommended disposition of this action, defendants' motion to extend the summary judgment deadline [Doc. #55] should be denied as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE